# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**GARY LEON WEBSTER**  **PLAINTIFF**
**ADC #114018**

v.    NO: 4:22-CV-00720-LPR

**INSTITUTE OF VIROLOGY**    **DEFENDANT**

## ORDER

Plaintiff Gary Leon Webster, incarcerated at the Tucker Unit of the Arkansas Department of Correction, filed a *pro se* Complaint on August 11, 2022.[1] Plaintiff did not pay the $402 filing fee, instead seeking to proceed *in forma pauperis*.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2] Prior to filing this lawsuit on August 11, 2022, Plaintiff filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted.[3] Nevertheless, Plaintiff may proceed *in forma pauperis* if he meets the imminent-danger exception to the three-strikes rule.[4]

---

[1] Compl. (Doc. 2).

[2] 28 U.S.C. § 1915(g).

[3] *See Webster v. Does*, 3:19-CV-59-DPM (E.D. Ark.); *Webster v. Pigg*, 3:19-CV-60-DPM (E.D. Ark.); and *Webster v. Day Inn Motels, Inc., et al.*, 3:19-CV-78-DPM (E.D. Ark.).

[4] *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

Plaintiff sued the Institute of Virology (in Wuhan, China), alleging that it has either negligently or intentionally introduced COVID-19, Monkey Pox, and other communicable diseases into the environment.[5]  Based on his allegations, Plaintiff was not in imminent danger at the time he filed his Complaint.  Accordingly, the imminent-danger exception does not apply.[6]  This case will be dismissed due to Plaintiff's failure to pay the filing fee.  Plaintiff will have thirty (30) days to reopen this case by paying the $402 filing fee in full.

In addition, Mr. Webster will now be placed on the "restricted filer list."  On June 6, 2022, the Court "demonstrated beyond any doubt that [Mr. Webster] is a serial vexatious litigant . . . ."[7]  The Court thus provided "FINAL NOTICE" to Mr. Webster that:

> *If Mr. Webster files another pro se action that is later dismissed because it is frivolous, malicious, or fails to state a claim for relief, his name will be placed on the "restricted filer list."  Thereafter, the Clerk of the Court will no longer file any of Mr. Webster's pro se cases, without first receiving prior approval from the Judge to whom the case is assigned.*[8]

Despite this warning, Mr. Webster has continued to file frivolous lawsuits.  It is patently obvious that the Court does not have jurisdiction over the Wuhan Institute of Virology.  Accordingly, the Court must now actually enforce the restricted-filer warning that it issued in June.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Complaint is DISMISSED without prejudice.

2. Plaintiff has thirty (30) days from the date of this Order in which to reopen this case by paying the $402 filing fee in full.

---

[5] Compl. (Doc. 2).

[6] *Ashley*, 147 F.3d at 717.

[7] *Webster v. Lewis*, 3:22-CV-52-LPR (E.D. Ark.), (Doc. 3) at 2.

[8] *Id.* at 2–3 (citation omitted).

3. The Clerk of the Court will no longer file any of Mr. Webster's *pro se* cases, without first receiving prior approval from the Judge to whom the case is assigned.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 23rd day of September 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE